UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **JOHN FORD** | § | CIVIL CASE NO. _____ |
| *PLAINTIFF* | § | |
| | § | |
| V. | § | |
| | § | HONORABLE JUDGE_____ |
| **FIDELITY NATIONAL PROPERTY** | § | |
| **AND CASUALTY INSURANCE** | § | |
| **COMPANY** | § | |
| *DEFENDANT* | § | MAGISTRATE JUDGE _____ |

### PLAINTIFFS' ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Through the undersigned attorney comes JOHN FORD who, for the following reasons, brings the instant complaint against FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY and states as follows:

NATURE OF THE ACTION

1. This is a civil complaint by John Ford (hereinafter referred to as "Plaintiff") against his insurer, Fidelity National Property and Casualty Insurance Company (hereinafter referred to as "FIDELITY") to enforce his rights under a flood insurance policy issued by FIDELITY.

1

2. On September 13, 2008, Hurricane Ike caused flood damage and loss to Plaintiff's commercial property in Galveston, Texas. Plaintiff has submitted a claim under his policy issued by FIDELITY but FIDELITY has refused to fully pay Plaintiff's claim.

## THE PARTIES

3. Plaintiff is a Texas citizen residing at 5110 Avenue U, Galveston, Texas 77551.

4. FIDELITY is an insurance company incorporated under the laws of the State of New York with its principal place of business at 601 Riverside Avenue, Building 5, Jacksonville, Florida 32204. FIDELITY is engaged in the practice of insurance in the State of Texas. FIDELITY may be served with process by certified mail, return receipt requested through its agent for service in Texas, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. **Issuance of summons is requested at this time.**

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action as they arise pursuant to a claim under a Standard Flood Insurance Policy (hereinafter referred to as "SFIP"). Any claims under a SFIP are governed solely by federal law pursuant to Article IX of the SFIP.[1] Therefore, Plaintiff asserts that there is federal question jurisdiction pursuant to *28 U.S.C. § 1331* as this matter requires interpretation of, and the resolution of the case is dependent upon, interpretation and application of federal laws, rules and regulations including the SFIP, itself codified and found at 44 C.F.R. Pt. 61, App. A (1), and the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. Furthermore, jurisdiction exists pursuant to the

---

[1] *See* 44 C.F.R. Pt. 61, App. A(1), Art. IX.

2

grant of "original exclusive" jurisdiction found in *42 U.S.C. § 4072* as it involves a breach of contract claim under a SFIP.

6.  As more fully explained below, the action involves a contract to insure Plaintiff's commercial property located at 2114 61st Street, Galveston, Texas, 77551, against flood damage. The contract for flood insurance was made in Galveston, Texas, was to be performed there, involves property located there, and all of the events or omissions giving rise to the claims asserted in this complaint arose there so that venue for this action lies in this court under Art. VII.R of 44 C.F.R. Pt. 61, App. A(1). The federal courts have exclusive jurisdiction over causes of action arising under the National Flood Insurance Program.[2] Consequently, Section VII, Subsection R of the SFIP issued by the Federal Emergency Management Association through its National Flood Insurance Program requires that venue be set in the United States District Court of the district in which the insured property was located at the time of loss.

## FACTS

7.  FIDELITY issued Flood Insurance Policy no. 42-770057008-04 (hereinafter referred to as the "Fidelity Policy") to Plaintiff. The Fidelity Policy provided coverage for flood damage to Plaintiff's commercial property in Galveston, Texas and was effective at the time Hurricane Ike struck. The Fidelity Policy provided one hundred thirty-seven thousand dollars [$137,000.00] in coverage for Plaintiff's building with a deductible of ten thousand dollars [$10,000.00], and provided [$30,000.00] in contents coverage with a deductible of ten thousand dollars [$10,000.00].

8.  Plaintiff timely paid the premium for the Fidelity Policy.

---

[2] *See* Art. VII.R of 44 C.F.R. Pt. 61, App. A(1).

9. The Fidelity Policy insures commercial property located at 2114 61st Street, Galveston, Texas, 77571. Plaintiff is the named insured on the Fidelity Policy.

10. On September 13, 2008, while the Fidelity Policy was in full force and effect, Hurricane Ike caused flood damage to the insured property, which consists of a commercial building and its contents.

11. As a result of the flooding during Hurricane Ike, the insured building and its contents were damaged or destroyed. The flood damage to the building and its contents is a covered loss under the Fidelity Policy.

12. Plaintiff reported the loss and damage to FIDELITY in a timely fashion and properly discharged the reporting obligations under the Fidelity Policy.

13. On October 9, 2008, FIDELITY issued advanced payments to Plaintiff in the amounts of fourteen thousand five hundred dollars [$14,500.00] for the building damage and two thousand five hundred dollars [$2,500.00] for the contents damage.

14. On March 18, 2009, FIDELITY issued payments to Plaintiff on the building and contents portions of Plaintiff's claim in the amount of twenty-four thousand eighty-two dollars and ninety-two cents [$24,082.92] for the building and twenty-seven thousand five hundred dollars [$27,500.00] for the contents.

15. On March 23, 2009, FIDELITY issued a supplemental payment to Plaintiff for the building portion of Plaintiff's claim in the amount of twenty-six thousand seven hundred thirty-nine and seventy-six cents [$26,739.76].

16. On August 7, 2009, Plaintiff submitted to FIDELITY a demand letter[3] and proof of loss[4] (Claim No. 08-0015773) wherein Plaintiff set forth a supplemental claim of twenty thousand

---

[3] *See* Plaintiff's Exhibit A, "Demand Letter" dated August 7, 2009.

four hundred eighty-one dollars and forty-five cents [$20,481.45] for the building flood loss. Plaintiff submitted additional documentation to support the demand for payment including invoices of repairs and a structural engineer's invoice and report.

17.   On October 22, 2009, FIDELITY issued a supplemental payment in the amount of one thousand six hundred seven dollars and fifty-one cents [$1,607.51].

18.   On October 23, 2009, FIDELITY denied the remainder of Plaintiff's supplemental claim.[5]

19.   Since Plaintiff initiated the claims process, Plaintiff has provided FIDELITY access to the insured property, has provided all requested and available information to FIDELITY that is available, has submitted a revised proof of loss, and has otherwise properly discharged the obligation to cooperate with FIDELITY in its investigation and adjustment of the flood damages sustained by Plaintiff.

20.   Plaintiff and FIDELITY have agreed on the area of the insured property that the flood from Hurricane Ike damaged. However, Plaintiff and FIDELITY have not agreed on the value of loss in each of the flood damaged area. As a result, on March 16, 2010, Plaintiff demanded an appraisal pursuant to 44 C.F.R. Pt. 61 App. A(1) Art. VII. P of the SFIP.[6]

21.   On April 5, 2010, FIDELITY rejected Plaintiff's demand for appraisal.[7]

22.   Representatives of Plaintiff and FIDELITY have discussed the claim and attempted to reach a resolution. To date, however, FIDELITY has refused to pay the full value of the loss incurred by Plaintiff and FIDELITY has continued to refuse to proceed to appraisal on Plaintiff's claim.

---

[4] *See* Plaintiff's Exhibit B, "Proof of Loss" dated August 6, 2009.
[5] *See* Plaintiff's Exhibit C, "FIDELITY's Denial Letter" dated October 23, 2009.
[6] *See* Plaintiff's Exhibit D, "Letter Demanding Appraisal" dated March 16, 2010.
[7] *See* Plaintiff's Exhibit E, "FIDELITY's Denial of Appraisal Letter" dated April 5, 2010.

## COUNTS I & II – BREACH OF CONTRACT

23. Plaintiff reasserts and incorporates by reference each of the allegations contained in the foregoing paragraphs.

24. Plaintiff and FIDELITY entered into a valid binding contract for flood insurance. FIDELITY agreed to pay Plaintiff up to eighty-six thousand dollars [$86,000.00] for the dwelling on Plaintiff's property for damages caused by flooding. Plaintiff agreed to and did pay a premium in consideration for the Fidelity Policy.

25. Plaintiff has performed all conditions precedent under the Fidelity Policy, including submitting a signed and notarized revised proof of loss.[8]

26. FIDELITY breached its contract with Plaintiff when FIDELITY failed to properly adjust and pay Plaintiff for the full amount of flood damage to the insured dwelling (replacement cost value). (Count I) Additionally, FIDELITY breached its contract with Plaintiff by failing to proceed to appraisal after Plaintiff's timely demand of such.[9] (Count II)

27. Plaintiff's breach of contract claims are expressly authorized by *42 U.S.C. § 4053* and/or *42 U.S.C. § 4072*.

28. Plaintiff is entitled to damages which will compensate for the flood loss to his dwelling at replacement cost value, as provided for by the Fidelity Policy, and for all incidental and consequential damages which Plaintiff has suffered.

## PETITION TO COMPEL APPRAISAL

29. Plaintiff reasserts and incorporates by reference each of the allegations contained in the foregoing paragraphs.

---

[8] *See* Plaintiff's Exhibit B, "Proof of Loss" dated August 6, 2009.
[9] *See* Art. VII.P of 44 C.F.R. Pt. 61, App. A(1)

30. On November 30, 2009, Plaintiff sent FIDELITY a demand for appraisal pursuant to the SFIP provisions at Art. VII.P of 44 C.F.R. Pt. 61, App. A(1).[10]

31. FIDELITY denied Plaintiff's demand for appraisal. FIDELITY and Plaintiff, as evidenced by the payment made by FIDELITY to Plaintiff, are in agreement as to the scope of the damage and the coverage provided by the Fidelity Policy, but in dispute as to the replacement cost value of the damage to the dwelling. Plaintiff maintains the value of flood damage suffered by the dwelling is greater than FIDELITY's estimate reflects. Thus, appraisal is the appropriate method to settle the dispute since the dispute concerns the valuation of damages and not the scope of damages or scope of coverage provided by the Fidelity Policy.

32. FIDELITY has refused to pay any additional amount for damages, engage in the appraisal process, and/or otherwise comply with the SFIP's provision for appraisal. Consequently, Plaintiff requests this Court's assistance in compelling FIDELITY to comply with the SFIP's appraisal provision. Additionally, Plaintiff has been required to retain counsel to compel FIDELITY to proceed with appraisal and should therefore be compensated for the attorneys fees incurred as a result of compelling appraisal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon judgment hereof, Plaintiff has and recovers against Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, sums for breach of contract, as Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claim. In addition, Plaintiff requests this Court compel Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, to immediately proceed to appraisal as described above. Plaintiff further requests the award of reasonable attorney's fees as allowed by law, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law and for

---

[10] *See* Plaintiff's Exhibit E, "Demand for Appraisal Letter" dated October 7, 2009.

any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Dated: May 24, 2010

Respectfully submitted,


Respectfully submitted,


By /s/ *Cliff Wilkerson*

Cliff Wilkerson

Arguello, Hope & Associates

2313 Strand

Galveston, Texas 77550

(409) 497-4574 Telephone

(713) 583-6307 Facsimile

E-mail: Cliff@Simplyjustice.com

Louisiana Bar Roll no. 30977

Federal ID no. 1058780

**COUNSEL FOR PLAINTIFF**

**JOHN FORD**